Morris **BIFFLE** d/b/a The Innovators, Petitioner,

v.

**MORTON RUBBER INDUSTRIES, INC., Respondent.**

No. C–9470.

Supreme Court of Texas.

Feb. 21, 1990.

Rehearing Overruled April 5, 1990.

R. Mike Borland, Midland, for petitioner.

Sandra K. Houston, Ft. Worth, for respondent.

PER CURIAM.

The issue in this case is whether a cost bond should be considered as timely filed when delivered to the clerk before the deadline for perfecting an appeal but

where the clerk inadvertently failed to file-mark it until after the deadline. Morris Biffle appealed from a judgment rendered against him. On November 6, 1989, the last day for filing a cost bond for his appeal, Biffle both had the bond delivered to the county clerk and verified its receipt by telephone. The deputy clerk, by signed affidavit, affirms that the bond was timely received. Although the bond was filed with the clerk on that date, it was forwarded to the trial judge's office and was not filemarked until November 9. The court of appeals dismissed the appeal for failure to timely file the cost bond.

An instrument is deemed in law filed at the time it is delivered to the clerk, regardless of whether the instrument is filemarked. *Standard Fire Ins. Co. v. La-Coke,* 585 S.W.2d 678, 680 (Tex.1979); *Hanover Fire Ins. Co. v. Shrader,* 89 Tex. 35, 42, 33 S.W. 112, 113 (1895); *Turner v. State,* 41 Tex. 549, 552 (1874); *Holman v. Chevaillier,* 14 Tex. 337, 339–40 (1855); *Beal v. Alexander,* 6 Tex. 531, 541 (1855). The purpose of this rule is to protect a diligent party from being penalized by the errors and omissions of the court clerk. *Standard Fire Ins. Co.,* 585 S.W.2d at 680. Since Biffle satisfied his duty to file timely the cost bond, he should not be penalized for an error once the instrument was in the custody and control of the clerk.

Because the court of appeals' opinion conflicts with the foregoing decisions of this Court, we grant the application for writ of error and, without hearing oral argument, a majority of the court reverses the judgment of the court of appeals and remands this cause to that court for further proceedings consistent with this opinion. *See* Tex.R.App.P. 133(b).