IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-205-CV





LESTER ELECTRICAL OF NEBRASKA, INC.,



 APPELLANT


vs.





D. E. JACKSON,



 APPELLEE


 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL

DISTRICT


NO. CV89-0429-A, HONORABLE ROYAL HART, JUDGE



 





PER CURIAM



 Appellant Lester Electrical of Nebraska, Inc. timely
filed its appeal bond seeking to appeal from an adverse judgment of
the district court of Tom Green County entered on May 7, 1990. 
Appellant has filed its motion for rehearing and reconsideration of
motion to extend time to file statement of facts. Appellee D. E.
Jackson has responded to the motion.

 The record in the appeal was due to be filed with this
Court on or before September 4, 1990. A motion for extension of
time within which to file the record was due fifteen days later on
September 19. Tex. R. App. P. Ann. 54(a), (c) (Pamp. 1990). On
September 24, appellant filed, in this Court, its motion to extend
time to file statement of facts asserting as a reasonable
explanation the court reporter's inability to complete the
statement of facts timely because of illness. Rule 54(c); see
Garcia v. Kastner Farms, Inc., 774 S.W.2d 668 (Tex. 1989). This
Court overruled the motion for to extend time because it was filed
untimely. See B.D. Click v. Safari Drilling Co., 638 S.W.2d 860
(Tex. 1982).

 Thereafter, appellant filed a motion for rehearing and
reconsideration of motion to extend time to file statement of facts
which asserts that a motion to extend time was in fact timely filed
in this Court. Appellant erroneously filed a motion to extend time
with the district clerk of Tom Green County on August 29. This
motion was addressed to the district court, captioned with that
court's cause number, and sought from the district court, an
extension of time within which to file the statement of facts. 
Although not requested to do so, the district clerk forwarded a
supplemental transcript, including this motion to extend time, to
this Court. The Clerk of this Court filed the supplemental
transcript on September 4. Appellant now proposes that a motion to
extend time was filed in this Court on September 4 by the filing of
the supplemental transcript. 

 Although neither addressed to or seeking relief from this
Court, a motion to extend time to file statement of facts can be
said to have been timely filed when the supplemental transcript was
filed, in reliance on Mr. Penguin Tuxedo Rental & Sales, Inc. v.
NCR Corp., 787 S.W.2d 371 (Tex. 1990); Biffle v. Morton Rubber
Industries, Inc., 785 S.W.2d 143 (Tex. 1990). "[A]n instrument is
deemed filed when placed in the custody or control of the clerk." 
Mr. Penguin Tuxedo, 787 S.W.2d at 372; Biffle, 785 S.W.2d at 144.
Although not brought to the Clerk's attention to be docketed and
placed before the Court, appellant's motion for extension was "in
the custody and control of the clerk" on September 4.

 In accepting the motion as timely filed, we do not
condone counsel's mistake in misfiling the motion for extension of
time in contravention of Rule 54(c), which expressly provides that
a motion be filed "with the court of appeals." See Biffle, 785
S.W.2d at 144; Standard Fire Ins. Co. v. Shrader, 585 S.W.2d 678,
680 (Tex. 1990) (purpose of rule is to protect diligent party); see
generally, Garcia, 774 S.W.2d at 670 (liberal standard of review
encompasses negligence of counsel). We additionally note that the
supplemental transcript was not forwarded to this Court at
appellant's request, but rather on the initiative of the district
clerk. (1)

 We grant appellant's motion for rehearing and
reconsideration of motion to extend time to file statement of
facts. The statement of facts is due to be filed in this Court on
or before November 5, 1990.



[Before Justices Carroll, Aboussie and Jones]

Filed: October 24, 1990

[Do Not Publish]
1. The disposition of appellant's motion does not, of course,
determine any issue as to whether the supplemental transcript is
properly before this Court.