**Walterine HEARD, Appellant,**

v.

**Billy MOORE, The Pool Company, and Pool Energy Services Company, Appellees.**

No. 06–02–00151–CV.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 20, 2003.

Decided March 19, 2003.

John Weintraub, Houston, for appellant.

W. Stephen Rodgers, Linda Meekins McLain, Rodgers, Miller & McLain, PC, Bryan, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Walterine Heard appeals a summary judgment granted to Billy Moore, The Pool Company, and Pool Energy Services Company. In two points of error, Heard contends the trial court should not have granted summary judgment in favor of Appellees because (1) res judicata does not apply to parties whose claim was severed from the case on which the final judgment was based, and (2) the trial court received no evidence regarding the accident on which Heard's claim was based.

## Factual and Procedural Background

On January 14, 1998, James Ronan Nelson and Moore were involved in an automobile collision. It was alleged that, at the time of the accident, Moore was employed by Pool Energy Services Company or The Pool Company[1] and was driving one of Pool's trucks. Heard was a passenger in Nelson's vehicle.

On December 3,1999, Heard filed suit against Appellees, Moore, The Pool Company, and Pool Energy Services Company, but did not name Nelson as a defendant. Thereafter, Appellees filed a third-party claim for contribution and indemnification against Nelson, contending he was the complete cause of the damages claimed by Heard. Nelson did not file an answer, and on November 9, 2001, the trial court granted a default judgment against him. As part of the default judgment, the trial court concluded that Nelson was negligent and *the complete cause of damages,* as alleged by the defendants, and thus liable for all damages claimed by Heard in her petition. After the trial court granted the default judgment, Appellees moved to sever their judgment against Nelson from Heard's negligence claim against Appellees. The trial court granted the severance. The default judgment against Nel-

---

1. Pool Energy Services Company and The Pool Company are variously referred to herein as "Pool," as there is no issue herein presented concerning which company's business Moore may have been pursuing at the time of the accident.

son became final on December 10, 2001, by operation of law.

After the default judgment against Nelson became final, Appellees moved for summary judgment against Heard based on res judicata. The trial court granted the motion for summary judgment, and Heard appeals. We reverse and remand.

## Discussion

### Res Judicata

In Heard's first point of error, she contends the trial court erred in granting summary judgment based on res judicata. Specifically, Heard insists that, because her claim was severed from Appellees' contribution and indemnification claims against Nelson, the third-party defendant, res judicata did not bar her from continuing with her suit against Appellees.

■ The Texas Supreme Court has adopted the transactional approach to res judicata. *See Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex.1992). Under the transactional approach, res judicata precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and that *could have been litigated* in the prior action between the parties. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 652 (Tex.1996) (citing *Barr*, 837 S.W.2d at 628). The policies behind the doctrine are to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *See Barr*, 837 S.W.2d at 629.

Before explicitly adopting the transactional approach, the Texas Supreme Court also held that, while res judicata precludes litigation of claims on the same cause of action that was or could have been litigated in the first action, a logical corollary to this rule is that res judicata cannot pre-

clude litigation of claims that a trial court explicitly separates or severs from that action. *See Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex.1985). Heard's appeal focuses on the distinctions between severed and nonsevered claims.

Appellees, however, insist that the "transactional approach" outlined in *Barr* trumps the pronouncement in *Van Dyke* that res judicata cannot preclude litigation of severed claims. Specifically, Appellees point to the Texas Supreme Court's statement in *Barr* that: "[a] subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the *exercise of diligence*, could have been litigated in a prior suit." *Barr*, 837 S.W.2d at 631 (emphasis added). Appellees insist that Heard had an obligation to exercise due diligence by either alternatively pleading that Nelson was not completely liable for the collision or, at minimum, object to the trial court's finding that Nelson was completely liable for damages in order for her to avoid claims preclusion under res judicata. Appellees further contend that, because Heard failed to take any action before the default judgment against Nelson became final, she is now barred by res judicata. Our task is to decide to what degree, if any, the transactional approach to res judicata required Heard to dispute Appellees' assertions against Nelson.

■ Here, Heard chose not to pursue a claim against Nelson. We believe that was her right. It is well established that plaintiffs are the masters of their suit regarding the claims and parties they choose to pursue. *See, e.g., Tex. Alcoholic Beverage Comm'n v. Macha*, 780 S.W.2d 939, 941 (Tex.App.-Amarillo 1989, writ denied). In addition, Texas Rules of Civil Procedure 38 and 97 outline both the processes and obligations of the parties regarding joinder

of claims and third parties. Tex.R. Civ. P. 38, 97. Rule 38(a) allows a defendant to bring third parties into a suit who may be liable for all or part of the plaintiff's damages. *See* Tex.R. Civ. P. 38(a). Once joined, these third parties, known as third-party defendants, may bring counterclaims against either the defendant or the plaintiff and are subject to the compulsory and permissive counterclaims rules. *See* Tex.R. Civ. P. 97. Rule 38(a) also outlines the plaintiff's options relating to joined third-party defendants and states, "the plaintiff *may* assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the [defendant]." (Emphasis added.) Under Rule 38, the plaintiff has a permissive right to assert a claim against the third-party defendant, not a compulsory obligation. This is true as long as the third-party defendant has not asserted a claim against the plaintiff. *Cf.* Tex.R. Civ. P. 97 (requiring an opposing party's pleading to state as a counterclaim any claim the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim).

In the present case, Nelson never filed an answer. Although Nelson was adverse to the Appellees by virtue of their claims against him, neither Heard nor Nelson took steps to become adverse to each other. If Heard had raised an alternative assertion regarding Nelson's liability, such assertion could have placed her in the posture of being adverse to Nelson. By avoiding this action, Heard preserved her rights against Nelson in a later action because res judicata only applies to adverse parties. *See Getty Oil Co. v. Ins. Co. of N. Am.,* 845 S.W.2d 794, 800 (Tex.1992); *see also,* 2 Roy W. McDonald & Elaine A. Grafton Carlson, Texas Civil Practice § 9:60 (2d ed.2003). Appellees joined Nel-

son in the suit in order to indemnify themselves for any liability they might have to the plaintiff (not, incidentally, to bar such liability procedurally without Heard getting her day in court). In this capacity, Appellees became third-party plaintiffs. *See* Tex.R. Civ. P. 38(a). At this stage, Heard had no procedural relationship to Nelson. Appellees ask us to hold that due diligence required Heard to alternatively plead or dispute Nelson's liability in order to preserve her claim against them under res judicata. This request directly conflicts with the permissive nature of Rule 38(a).

Heard, as plaintiff, was procedurally neutral as to the suit between Appellees, in their capacity as third-party plaintiffs, and Nelson, in his capacity as third-party defendant. Heard had no obligation to amend her pleadings or dispute liability issues between the two parties. Moreover, as outlined above, if Heard had taken such actions, it could have been detrimental to her future alternatives in relation to Nelson. While the transactional approach to res judicata requires Heard to exercise due diligence and bring all claims against Appellees that arise out of the same transaction or occurrence because of their adversity, until she becomes adverse to Nelson, she had no obligation to become involved in an action in which she was uninterested.

This is not to say that severance alone preserves a party's rights under res judicata. The transactional approach to res judicata still requires the exercise of due diligence in bringing all claims against adverse parties. *See Barr,* 837 S.W.2d at 631. Although adversity existed between Heard and Appellees, due diligence, for the purpose of res judicata, did not require Heard to inject herself into Appellees' indemnification and contribution claims against Nelson. Heard's first point of error is sustained.

**Evidence**

In her second point of error, Heard contends the trial court erred by granting summary judgment without receiving evidence about the collision between Appellees and Nelson. This point of error is waived because Heard neither made any argument nor provided any authority in her brief to support this point. When a party raises a contention as an issue on appeal, the party's brief must contain argument or authority to support it. TEX.R.APP. P. 38.1(h). In order to maintain a point on appeal, an appellant must provide a discussion of the facts and authorities on which it relies. A failure to discuss relevant facts and authority results in a waiver of the point on appeal. *See Ramsey v. Reagan*, No. 03–01–00582–CV, 2003 WL 124206, 2003 Tex.App. LEXIS 276, at *10 (Tex.App.-Austin, Jan.16, 2003, no pet. h.). Heard's second point of error is overruled, but because we sustain her first point of error, we reverse and remand.

We reverse the summary judgment and remand this cause for trial.