Opinion issued February 10, 2005
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00131-CV
NO. 01-04-00189-CV




IN RE JEFFREY BALAWAJDER, Relator




Original Proceedings on Petitions for Writs of Mandamus




MEMORANDUM OPINION

          Jeffrey Balawajder, relator in this Court’s Cause Nos. 01-04-00131-CV and 01-04-00189-CV, In re Balawajder, and appellant in this Court’s Cause No. 01-04-00820-CV, Jeffrey Balawajder v. Texas Dep’t of Criminal Justice, Institutional
Division, has filed petitions for writs of mandamus relating to perfection of his appeal
in Cause No. 01-04-00820-CV, and the filing of the record in the appeal.


 Balawajder
has supplemented his petition for writs of mandamus and has also requested sanctions
against respondents, the Honorable Wayne Rucker, District Clerk of Grimes County
(Cause No. 01-04-00131-CV) and Linda Wells, official court reporter for the 12th
District Court of Grimes County (Cause No. 01-04-00189-CV). 
          In the appeal, Balawajder seeks to challenge a summary judgment, rendered in
favor of the Texas Department of Criminal Justice (TDCJ), by which the trial court
ordered that Balawajder take nothing on his claims that regulations on which the
TDCJ relied in denying Balawajder’s request for extra storage space to accommodate
approximately 100 religious books, violate the establishment-of-religion and free-speech clauses of the Texas and United States Constitutions. The trial court
dismissed Balawajder’s claims on October 15, 2002, and Balawajder timely filed
postjudgment motions to vacate or modify the summary judgment order and for new
trial.
Background and Procedural History
          Balawajder filed three petitions for writs of mandamus on February 23, 2004. 
On April 1, 2004, this Court issued a memorandum opinion denying Balawajder’s
petition for writ of mandamus in Cause No. 01-04-00190-CV, in which Balawajder
sought relief against the Honorable Edward E. Wells, Jr., Clerk of the Court of
Appeals for the Fourteenth District of Texas. Our opinion of April 1, 2004 disposed
only of Cause No. 01-04-00190-CV, however. Balawajder’s petitions for writs of
mandamus remained pending against respondents Rucker and Linda Wells. In those
remaining petitions, which we now address here, Balawajder seeks writs of
mandamus to compel respondents Rucker and Linda Wells to file the clerk’s and
reporter’s records, respectively, from the underlying, trial-court cause. On April 26,
2004, real party-in-interest TDCJ filed its response to these petitions. 
          On July 31, 2004, respondents Rucker and Linda Wells prepared, certified, and
filed with this Court, respectively, the clerk’s and reporter’s records of the underlying
cause for the appeal in appellate Cause No. 01-04-00820-CV. 
Cause No. 01-04-00189-CV
          Balawajder’s complaint in Cause No. 01-04-00189-CV is against respondent
Linda Wells, in her capacity as official court reporter of the 12th District Court of
Grimes County. Because Linda Wells prepared, certified, and filed the reporter’s
record of the underlying cause with this Court on July 31, 2004, for the appeal in
Cause No. 01-04-00820-CV, we dismiss Balawajder’s petition for a writ of
mandamus against Linda Wells as moot. In addition, we deny Balawajder’s request
for sanctions against respondent Linda Wells.



Cause No. 01-04-00131-CV
Whether Balawajder Perfected His Appeal in Cause No. 01-04-00820-CV

          As stated above, respondent Rucker prepared, certified, and filed with this
Court, also on July 31, 2004, in Cause No. 01-04-00820-CV, the clerk’s record from
the underlying cause. On inspecting the clerk’s record, however, we discovered that
it did not contain a certified copy of the notice of appeal that Balawajder contends he
timely filed, in accordance with the extended postjudgment timetable that applies
when certain postjudgment motions have been filed,


 to perfect his appeal in Cause
No. 01-04-00820-CV.


 Because a timely filed notice of appeal is the means by which
a party to an adverse judgment perfects an appeal, see Tex. R. App. P. 25.1,
Balawajder’s petition for mandamus relief against respondent Rucker calls into
question our jurisdiction to consider his appeal in Cause No. 01-04-00820-CV. 
Discussion
A.      Standard of Review and Controlling Legal Principles
          With the exception of writs of mandamus sought against a district-court or
county-court judge within the appellate court’s district, this Court’s jurisdiction to
issue writs is limited to instances in which the writ is necessary to enforce our
jurisdiction. See Tex. Gov’t Code Ann. § 22.221(a), (b) (Vernon 2004). Our
jurisdiction to issue writs under section 22.221(a) is limited to cases in which we have
actual jurisdiction of a pending proceeding. In re Washington, 7 S.W.3d 181, 182
(Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); Lesikar v. Anthony, 750
S.W.2d 338, 339 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding). Our
jurisdiction over all parties to a trial court’s judgment is invoked when a party to the
judgment files a notice of appeal. Tex. R. App. P. 25.1(b); Olivo v. State, 918 S.W.2d
519, 522 (Tex. Crim. App. 1996); In re Washington, 7 S.W.3d at 182. 
          A document is generally considered filed when it is delivered to the clerk for
filing, “whether or not a file mark is placed on the instrument regardless of whether
the file mark gives some other date of filing.” Warner v. Glass, 135 S.W.3d 681, 684
(Tex. 2004) (quoting Standard Fire Ins. Co. v. LaCoke, 585 S.W.2d 678, 680 (Tex.
1979); see Biffle v. Morton Rubber Indus., Inc., 785 S.W.2d 143, 144 (Tex. 1990); In
re Washington, 7 S.W.3d at 182. A party who has satisfied his duty to put a legal
instrument in the custody and the control of the court clerk should not be penalized
for errors made by the court clerk. Warner, 135 S.W.3d at 684 (citing Biffle, 785
S.W.2d at 144). 
          After delivery of a notice of appeal to the trial-court clerk for filing, any further
determination concerning appellate jurisdiction is made by the court of appeals. See
Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997) (recognizing that
instrument filed in bona fide attempt to invoke jurisdiction of appellate court suffices
for that purpose). A court of appeals has jurisdiction to determine whether it has
jurisdiction. In re Washington, 7 S.W.3d at 182. Moreover, as our supreme court has
frequently instructed, “a party should not lose the right to appeal because of an
‘overly technical’ application of the law.” Briscoe v. Goodmark Corp., 102 S.W.3d
714, 717 (Tex. 2003) (citing and quoting from Lehmann v. Har-Con Corp., 39
S.W.3d 191, 205 (Tex. 2001)); Verburgt, 959 S.W.2d at 616-617). 
B.      Analysis
          In seeking mandamus relief, Balawajder supports his contentions that he timely
filed his notice of appeal and thus timely perfected his appeal, based, in part, on the
following: (1) his personal declarations, executed in accordance with sections
132.001-.003 of the Civil Practice and Remedies Code;


 (2) the affidavit of Virginia
E. Douglas, his mother, who stated and described details pertaining to having assisted
with Balawajder’s correspondence and payments to respondents Rucker and Linda
Wells; and (3) declared and sworn copies of certified-mail receipts that reflect
acknowledgments of receipt of documents by officers of the 12th District Court of
Grimes County. 
          The clerk’s record before us in Cause No. 01-04-00480-CV unequivocally
indicates, and TDCJ does not dispute, (1) that the trial court dismissed Balawajder’s
claims and rendered a take-nothing summary judgment on October 15, 2002 and (2)
that Balawajder filed motions to vacate or modify the summary judgment order and
for new trial on November 13, 2002. Given the October 15, 2002, judgment of
dismissal, Balawajder timely filed his postjudgment motions and was therefore
entitled to an extended, 90-day appellate deadline by which to perfect an appeal by
filing his notice of appeal. See Tex. R. Civ. P. 324, 329b(a), (d), (e), (h); Tex. R. App.
P. 25.1(a), 26.1(a). Under this extended appellate timetable, Balawajder’s notice of
appeal was due to be filed by January 13, 2003. 
          In the record provided to support his contention, in seeking mandamus relief,
that he properly perfected his appeal by filing the requisite notice, Balawajder
provided this Court with copies of the notice of appeal that he executed on December
20, 2002, and served on the TDCJ on December 31, 2002, along with his designation
of the record on appeal and a check in the amount of $278.00, made payable to the
District Clerk of Grimes County in payment for the record on appeal. Balawajder
also contends that a deputy clerk for Grimes County, L. Thompson, acknowledged
receipt of Balawajder’s notice of appeal on January 3, 2003. Balawajder has provided
a declared copy of a receipt signed by “L. Thompson” that acknowledges receipt of
certified mail directed to respondent Rucker on January 3, 2003. The certified-mail
number on that receipt is the same as the certified-mail receipt number stated in
Balawajder’s mother’s affidavit, in which she avers that she mailed his notice of
appeal and accompanying document and check to respondent Rucker on December
31, 2002. 
          Balawajder has also provided a copy of correspondence, dated January 20,
2003, by which he forwarded a copy of his notice of appeal to the clerk of the
Fourteenth Court of Appeals, as well as copies of certified mail receipts that indicate
receipt of that correspondence by the Fourteenth Court of Appeals on January 22,
2003. In addition, the record provided in support of Balawajder’s mandamus petition
contains copies of documents showing acknowledged receipt of a March 30, 2003
letter from Balawajder to respondent Rucker, in which Balawajder referred first to
acknowledged receipt of his notice of appeal and check for $278.00 by respondent
Rucker’s office, and then stated that the check remained uncashed, that he had heard
nothing from the court of appeals, and that he therefore inquired about the status of
his appeal and his requested appellate record. 
           In responding to Balawajder’s petition for a writ of mandamus against
respondent Rucker, counsel for the TDCJ neither denied nor acknowledged receipt
of service of Balawajder’s notice of appeal. Instead, counsel acknowledged that he
learned, after contacting the office of the Grimes County District Clerk, that
Balawajder “did indeed file something on December 31, 2002[,]” but surmises that
“what [Balawajder] filed was not deemed a notice of appeal by the Grimes County
District Clerk and therefore no action was taken on it.” 
          TDCJ’s surmise is at odds, however, with correspondence that respondent
Rucker directed to the clerk of the Fourteenth Court of Appeals on July 20, 2004,
which was filed in that court on July 23, 2004, and subsequently forwarded to this
Court. In that correspondence, respondent Rucker referred to documents pertaining
to this case that were never file-marked because they had been handled by a since-terminated clerk who had also failed to file-mark documents in other matters. 
          Moreover, we have examined the document that Balawajder provided to show
that he filed his notice of appeal, and thus perfected his appeal, and conclude that the
document complies with rule 25.1(d) and (e). See Tex. R. App. P. 25.1(d), (e).
Balawajder entitled his document “Plaintiff’s Notice of Appeal” and stated in the
notice that the “clerk and all parties” were to “[p]lease take notice” that Balawajder
intended to appeal the order signed on October 15, 2002 to either the First or the
Fourteenth Court of Appeals and that he had filed postjudgment motions. The notice
is verified, by statutory prisoner’s declaration,


 and contains a certificate of service
reciting timely service on TDCJ through its counsel of record on December 31, 2002.


 
The surmise suggested by counsel for TDCJ is, therefore, incorrect. But, even if it
were correct, the clerk of the trial court would have had a ministerial duty to file a
document presented in a bona fide attempt to perfect an appeal. See Verburgt, 959
S.W.2d at 616-17. 
          The records before us, in both the appeal and the mandamus proceedings, thus
demand resolution of whether the document that Balawajder contends is his notice
of appeal was timely presented to the District Clerk of Grimes County and therefore
sufficed to perfect his appeal to this Court in Cause No. 01-04-00840-CV. As we
have concluded, in rejecting TDCJ’s surmise, Balawajder’s “Notice of Appeal”
conforms to the requirements of rule 26.1 for notices of appeal. 
          The sole issues that remain, therefore, are whether Balawajder actually
delivered the notice of appeal to the Grimes County District Clerk and whether his
delivery was timely. These questions might ordinarily present disputed questions of
fact, see Warner, 135 S.W.3d at 686, which we may not decide in a mandamus
proceeding. See Brady v. Fourteenth Court of Appeals, 795 S.W.2d 712, 714 (Tex.
1990). The records in the cases before us, however, do not present a material dispute
concerning these issues, for the following reasons: (1) TDCJ agreed, even before
respondent Rucker had prepared, certified, and filed the clerk’s record in this Court’s
Cause No. 01-04-00840-CV, that Balawajder filed “something” within the timeframe
in which to perfect an appeal; (2) neither respondent Rucker nor TDCJ otherwise 
disputes Balawajder’s contentions; (3) December 31, 2002, the date on which
Balawajder contends that his notice of appeal, designation of his record for appeal,
and payment for the appellate record were mailed and served, is within the 90-day
timeframe in which he could perfect his appeal, which expired on January 13, 2003;
(4) “L. Thompson,” as representative of respondent Rucker, signed the certified-mail
receipt on January 3, 2003, also within the 90-day timeframe in which Balawajder
could perfect his appeal; (5) the certified-mail number of the receipt signed by L.
Thompson corresponds to the certified-mail number of the receipt that Balawajder’s
mother avers she used when she mailed the notice of appeal on December 31, 2002;
and (6) respondent Rucker has acknowledged that a since-terminated deputy clerk
had not file-marked documents pertaining to this matter and others. 
          Because we may properly exercise our appellate jurisdiction to decide whether
we have jurisdiction, see In re Washington, 7 S.W.3d at 182, we conclude, under the
records presented here, that Balawajder invoked our appellate jurisdiction over his
appeal in Cause No. 01-04-00840-CV because it is undisputed that a representative
of respondent Rucker, the District Clerk of Grimes County, received Balawajder’s
notice of appeal on January 3, 2003. Because appellate jurisdiction vested upon
receipt on that date, despite the deputy clerk’s failure to mark the instrument “filed,”
see Warner, 135 S.W.3d at 680, and because both the clerk’s and reporter’s records
have already been filed, Cause No. 01-04-00840-CV shall now proceed, with the date
of issuance of this opinion as the starting date, under the applicable briefing schedule,
for filing Balawajder’s appellant’s brief, the TDCJ’s appellee’s brief, and any reply
brief by Balawajder. See generally Tex. R. App. P. 38.6 (“Time to File Briefs”).
Conclusion
          Because we have concluded that this Court acquired appellate jurisdiction over
Balawajder’s appeal on January 3, 2003, the date on which the deputy clerk for
Grimes County received Balawajder’s notice of appeal, we may now dismiss, as
moot, Balawajder’s petition for a writ of mandamus to compel respondent Rucker to
file Balawajder’s notice of appeal. In addition, we deny Balawajder’s motion for
sanctions against respondent Rucker. Balawajder’s appellant’s brief is due within 30
days of the date of this opinion.
 
 
Elsa Alcala
Justice

Panel consists of Justices Nuchia, Jennings, and Alcala.