IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00102-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Stephen Jay Adams,

                                                                      Appellee

 

 

 



From the County Court at Law

McLennan County, Texas

Trial Court No. 2004-3922-CR1

 



DISSENTING Opinion










 

          For the reasons stated in my
dissenting opinion in State v. Stanley, No. 10-05-00101-CR (Tex.
App.—Waco July 27, 2005, no pet. h.), I dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice 

 

Dissenting
opinion delivered and filed July 27, 2005






tyle='mso-bidi-font-weight:
normal'>TENTH COURT OF
APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-03-00037-CV

 

In re Larry Clark

 

 



Original
Proceeding

 

 



DISSENTING OPINION
ON ORDER ON MOTION FOR REHEARING



 

        I respectfully dissent to the Court’s order on
Larry Clark’s motion for rehearing. 

      I
dissent to transferring Clark’s motion for rehearing to the instant cause
from Cause No. 10-02-00243-CV, styled In
the Interest of B.A.C.  “[T]he
plaintiff is ‘the master of the complaint[.]’” 
Holmes Group, Inc. v. Vornado Air
Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987)); accord Heard v. Moore, 101 S.W.3d 726, 728 (Tex. App.—Texarkana 2003,
pet. denied).  “Of course the party who
brings a suit is master to decide what law he will rely upon.”  Beneficial
Nat’l Bank v. Anderson, 539 U.S. 1, 12 (2003) (quoting Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913)); accord Heard at 728. 
“Plaintiffs are masters of their complaints and remain so at the
appellate state of a litigation.”  Webster v. Reproductive Health Servs., 492
U.S. 490, 512 (1989).  Clark
chose to file a motion for rehearing in B.A.C.,
but not in the instant cause.  

      The
cases that the Court cites are distinguishable. 
Both concern appellate jurisdiction. 
See Mueller v. Saravia, 826
S.W.2d 608, 609 (Tex. 1992) (“attempt to invoke appellate court
jurisdiction”); Motor Vehicle Bd. v. El
 Paso Indep. Auto Dealers Ass’n, Inc., 1 S.W.3d 108, 111 (Tex. 1999) (misnomer (Motor Vehicle Div. for Motor
Vehicle Bd.) does not affect standing). 
The Supreme Court has “repeatedly held that a court of appeals has
jurisdiction over any appeal in which the appellant files an instrument in a
bona fide attempt to invoke the appellate court’s jurisdiction.”  Verburgt
v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997). 
This court’s jurisdiction over Clark’s
motion for rehearing is not disputed.  Apart from this rare exception for the
invocation of appellate jurisdiction, a filing is effective only in the cause
in which it is filed.  See Philbrook v. Berry, 683 S.W.2d 378,
379 (Tex. 1985) (orig. proceeding) (per curiam); see also Stone v. State, 931 S.W.2d 394, 396-97 (Tex. App.—Waco
1996, pet. ref’d); but see Tex.
Instruments, Inc. v. Teletron Energy Mgt., Inc., 877 S.W.2d 276, 278 (Tex.
1994) (“clerical error”).

      The
Court should not transfer Clark’s motion for rehearing to the instant
cause.  Because the Court does so, I
respectfully dissent.

      Since
I believe that we were correct originally, the Court’s opinion that is being
withdrawn is attached as an appendix to this opinion.

TOM
GRAY

Chief Justice

Dissenting
opinion delivered and filed July 21, 2004

Publish




APPENDIX