

**NUMBER 13-14-00176-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

TEXAS VEIN AND VASCULAR,
TVV MEDISPA, AND JAVIER ALONSO
M.D.,                                                                      Appellants,

v.

MARY MARTINEZ,                                                          Appellee.

---

**On appeal from the 28th District Court
of Nueces County, Texas.**

---

**NUMBER 13-14-00346-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

JAVIER ALONSO, INDIVIDUALLY,                                          Appellant,

v.

MARY MARTINEZ,                                                          Appellee.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Wittig
### Memorandum Opinion by Justice Wittig

This is a consolidated appeal challenging the trial court's denial of appellants' motions to dismiss under Chapter 74. Appellants in the original appeal in cause number 13-14-00176-CV are Texas Vein and Vascular (Texas Vein), TVV Medispa (TVV), and Javier Alonso, M.D., PhD., PA (Alonso PA). Mary Martinez is the appellee. On our own motion, we consolidate this appeal with the companion case of Javier Alonso, individually, (Alonso) as appellant versus Martinez as appellee in cause number 13-14-00346-CV. The appeals involve common questions of law and fact. In cause number 13-14-00176-CV, we will reverse and remand in part, and reverse and render in part as detailed herein. In cause number 13-14-00346-CV, we will affirm.

## I. BACKGROUND[1]

Martinez apparently filed her original petition August 15, 2012, against appellees Texas Vein, TVV, and Alonso PA. The trial court found this was a mistake, and the clerk refused to file[2] the petition until certain errors were corrected. According to the findings, the original petition was subsequently "filed" on September 20, 2013. Although the August 15, 2012 filing stated that the required expert report(s) and curriculum vita were

---

[1] Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (West, Westlaw through Ch. 46 2015 R.S.).

[2] The record does not support a "refusal to file." See discussion below.

attached, they were not. On January 16, 2014, Martinez filed her First Amended Original Petition, again stating that her expert report and CV were attached. Appellants Texas Vein, TVV, and Alonso PA filed a motion to dismiss on January 16, 2014, which was followed by Martinez's Second Amended Original Petition adding "Javier Alonso, Individually" as a defendant for apparently the first time, and serving appellants with the expert report and CV of Scott A. Scheinin, M.D. An amended motion to dismiss was filed February 5, 2014 and was denied. Martinez filed her First Supplemental Petition on February 10, 2014, alleging for the first time that Alonso alone committed all of the negligent acts and omissions and that the other three defendants were purely vicariously liable to Martinez and accordingly, no independent expert reports were required.

## II. STANDARD OF REVIEW

Generally, an appellate court reviews a trial judge's decision on a motion to dismiss a claim under section 74.351 of the Texas Civil Practice and Remedies Code for an abuse of discretion. *Jelinek v. Casas*, 328 S.W.3d 526, 539 (Tex. 2010); *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875, 878 (Tex. 2001); *Group v. Vicento*, 164 S.W.3d 724, 727 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to guiding rules or principles. *Cayton v. Moore*, 224 S.W.3d 440, 444 (Tex. App.—Dallas 2007, no pet.). Under an abuse of discretion standard, the appellate court defers to the trial court's factual determinations if they are supported by evidence, but reviews the trial court's legal determinations de novo. *Stockton v. Offenbach*, 336 S.W.3d 610, 615 (Tex. 2011) (citing *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding)). Whether the statute permits additional time beyond the 120–day deadline

3

is a legal question. *Id.* (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009) (noting that statutory construction is a legal question)).

At the time of this lawsuit, the then applicable Texas Civil Practice and Remedies Code section 74.351(a) provided that, within 120 days of suit, a plaintiff must serve expert reports for each physician or health care provider against whom a liability claim is asserted. *See* Act effective Sept. 1, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 34.351(a) (West, Westlaw through Ch. 46 2015 R.S); *see also Ogletree v. Matthews*, 262 S.W.3d 316, 319 (Tex. 2007). These reports must identify the "applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(r)(6) (West, Westlaw through Ch. 46 2015 R.S.). If a plaintiff does not serve a timely report, a trial court "shall" grant the defendant's motion to dismiss the case with prejudice. An order that denies all or part of the relief sought in such a motion may be immediately appealed. *Id.* § 51.014(a)(9) (West, Westlaw through Ch. 46 2015 R.S.) (authorizing interlocutory appeal from an order that "denies all or part of the relief sought by a motion under Section 74.351(b)"); *see id.* § 74.351(b). But if a report is served, "[e]ach defendant physician or health care provider whose conduct is implicated . . . must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived." *Id.* § 74.351(a) (West, Westlaw through Ch. 46 2015 R.S.).

## III. DISCUSSION

### A. Original Filing

4

Under prior law, section 74.351(a) provided that "a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. *See* Act effective Sept. 1, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590 (amended 2013). Martinez argues for the subsequent revision effective September 1, 2013: "In a health care liability claim, a claimant shall, not later than the 120th day *after the date each defendant's original answer is filed*, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (emphasis added).

The trial court, in agreement with appellee's position, concluded Martinez's original petition was not filed until September 20, 2013, thus extending the applicable time to serve the required reports beyond the original December 13, 2013, deadline. Appellee argues from the legislative history that the test is not "filing" but commencing the lawsuit.[3] She argues that multiple mistakes were made, including the failure to file the expert report and CV. In a note dated September 4, 2013, the deputy clerk stated that the district clerk's office received a new E-filed petition on August 15, 2013 but "Unfortunately our Office is lacking the rest of the Constable Fees for Citations of $15." She requested a money order, check or cashier check to be paid and directed to her attention and also requested a civil case information sheet and a service request sheet. "In order for Our

---

[3] Appellee cites *Travelers Ins. Co. v. Brown*, 402 S.W.2d 500, 504 (Tex. 1966) and other authorities, which we do not view as being on point.

Office to Proceed we do need the items listed above." The note does not reject the petition or return the over five hundred dollars in filing fees paid.

The face of the original petition filed August 15, 2013, states in the upper right hand corner: "Filed 13 August 15 P5:00 Patsy Perez District Clerk Nueces District." This is further corroborated by the clerk's E-file report stating: "Status: Confirmation; Official Date/Time 08/15/2013 05:00:24 PM; Clerk Process Date: 08/16/2012 11:59:04 AM."[4] Under comments, the clerk notes: "Thank you for E-filing. Have a wonderful day!" Rule 22 plainly states: "A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk." TEX. R. CIV. P. 22. Under local rule 4.3(b), upon sending an electronically-transmitted document to a filer's EFSP, the filer is deemed to have delivered the document to the clerk and subject to exceptions not applicable here "the document is deemed to be filed." NUECES COUNTY LOC. R. OF ADMIN. 4.3.[5] The clerk's file stamp is prima facie evidence of the date of filing, but the presumption it raises may be rebutted. *Dallas Cnty. v. Gonzales*, 183 S.W.3d 94, 103 (Tex. App.—Dallas 2006, pet. denied) (citing *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corp.*, 787 S.W.2d 371, 371–72 (Tex. 1990) (per curiam)).

In *Jamar*, the supreme court held that a motion for new trial tendered without the necessary filing fee is nonetheless conditionally filed when it is presented to the clerk, and that date controls for purposes of the appellate timetable. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993). The high court based this holding on "our policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule." *Id.*

---

[4] There is a handwritten note on the E-file confirmation stating: "Need CCTS and SIS."

[5] This corresponds to the new state E-filing rule, TEX. R. CIV. P. 21, effective January 1, 2014.

The failure to pay the filing fee before a motion is overruled by operation of law may forfeit altogether the movant's opportunity to have the trial court consider the motion but it does not retroactively invalidate the conditional filing for purposes of the appellate timetable. *Tate v. E.I. DuPont de Nemours & Co.*, 934 S.W.2d 83, 84 (Tex. 1996). Here the filing fee was paid, over $500, but a fifteen dollar portion of a constable fee was not paid until September. An instrument is deemed in law filed at the time it is delivered to the clerk, regardless of whether the instrument is file-marked. *See Biffle v. Morton Rubber Indus., Inc.,* 785 S.W.2d 143, 144 (Tex. 1990).

Martinez argues that the clerk rejected the filing because of the missing fifteen dollar constable fee and the lack of a case information and service request sheet. Nueces County Local Rules of Court 4.3(e) and 4.3(g) state that a clerk of the court may reject a plaintiff's original petition and notify the filer as to why the petition was rejected. Nueces County Loc. R. of Admin. 4.3(e),(g). However, the record does not support such a rejection. In fact the actual filing of the original petition on August 15, 2012, is reiterated several times by the district clerk. We also note the local rules state that upon sending an E-filed document to a filer's EFSP account (subject to R. 4.3(h)) "the document is deemed to be filed." *Id.* R. 4.3(b). While the clerk may reject or not accept the filing, the clerk must inform the party of its action the same day that action is taken*. Id.* R. 4.3(e). In addition, the district clerk, not later than the first business day after receiving the E-filed document, must decide whether the document will be accepted for filing*. Id.* "If the clerk fails to accept or reject a document within the time period, the document is deemed to have been accepted and filed." *Id.* Thus, the original petition was filed August 15, 2013 and in any event deemed filed August 16, 2013. *See id.* However, Martinez also

maintains that no reports were necessary because the claims against the three entities were based on vicarious liability. We examine this assertion.

### B. Vicarious Liability

Appellee contends that the "entity" appellants, i.e., Texas Vein, TVV, and Alonso PA, are not entitled to separate expert reports if their liability is based on the physician's conduct rather than the conduct of the professional associations. However, the applicable statute states: "a claimant shall . . .serve on each party or the party's attorney one or more expert reports. . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a). Appellee cites *McCoy* for the proposition that if the legal consequences to the professional association are based solely on the doctors' conduct, and no allegation is made that the professional association itself is negligent in some way, then a separate expert report addressing the professional association's conduct would appear to be unnecessary. *Obstetrical & Gynecological Assocs., P.A. v. McCoy*, 283 S.W.3d 96, 105 (Tex. App.—Houston [14th Dist. 2009, pet. denied). However, Martinez's original petition alleges "As the result of the negligence of Defendants, (three entities) Plaintiff has suffered damages." It further charges "Plaintiff would show that Defendants were negligent in caring for and treating Plaintiff. Plaintiff presented to Defendants with a history of transient weakness of the right arm for two days the preceding year, with full recovery." While the petition also speaks to negligence on the part of Dr. Alonso, there is no allegation of vicarious liability until months later after the expert reports were past due. Furthermore, the case also recites the general rule that "Each physician or health care provider sued must be addressed in an expert report*." Id.* at 101.

Appellee also cites *Estorque v. Schafer*, 302 S.W.3d 19, 31 (Tex. App.—Fort Worth 2009, no pet.). Again, this case is distinguishable because the Schafers did not

8

allege any theories of negligence distinct from the negligence of the two physicians, and no direct acts by the professional associations as separate entities were identified or challenged as a basis for liability. *See id.* In any event, no sufficient report concerning even Alonso was timely filed or served as required under Chapter 74 relating to the original August 15, 2013 claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a).

The supreme court has recently clarified the need for multiple reports in *Potts*. *See Certified EMS, Inc. v. Potts*, 392 S.W.3d 625, 632 (Tex. 2013) (holding that when a health care liability claim involves a vicarious liability theory, either alone or in combination with other theories, an expert report that meets the statutory standards as to the employee is sufficient to implicate the employer's conduct under the vicarious liability theory; if any liability theory has been adequately covered, the entire case may proceed.). Here, no report meeting the statutory standards was timely filed, thus no liability theory was adequately covered as to Texas Vein, TVV, and Alonso PA.

Because Martinez failed to timely serve the mandatory expert report and CV on Texas Vein, TVV, and Alonso PA, we sustain this issue. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *Ogletree*, 262 S.W.3d at 319–20 (stating that the Legislature denied trial courts the discretion to deny motions to dismiss or grant extensions when expert reports are not served with 120 days).

### C. Dr. Javier Alonso Individually

In appellee's original petition filed on August 15, 2013, only Texas Vein, TVV, and Alonso PA were named as defendants. Dr. Javier Alonso is not named in his individual capacity. But as appellants point out, the petition alleges that Javier Alonso, M.D., PH.D., PA is an individual, medical doctor, and professional association practicing in the State of Texas. However, service of process was only requested on Texas Vein, TVV, and

Alonso PA. Texas Vein and TVV were to be served through their registered agent, Alonso PA. Only Texas Vein, TVV, and Alonso PA filed answers. No answer was filed on behalf of Alonso individually. The pattern continued throughout the litigation with the original motion to dismiss being filed only by Texas Vein, TVV, and Alonso PA. Even this appeal was originally brought only in these three entities' names.

A new amended suit was filed on January 20, 2014, naming for the first time Alonso individually. An answer was first filed on behalf of Alonso on March 11, 2014. Thereafter, a separate motion to dismiss was filed on behalf of Alonso and a separate appeal was taken on his individual behalf. The trial court also found Alonso was not sued until January 20, 2014. While it is true that appellee's first amended petition states that Alonso had answered, the record does not indicate any answer filed in his individual capacity until well after the second amended petition naming him individually was first filed on January 20, 2014. It is also true that the various petitions accuse "Dr. Alonso" of various acts of negligence and of performing the surgery. Still, the original citation was directed to Alonso PA, not Alonso individually. The return of service was likewise for Alonso PA. Finally, in their discovery response, appellants listed only Texas Vein, TVV, and Alonso PA as correctly named parties, and Alonso individually was not named.

"It is well established that plaintiffs are the masters of their suit regarding the claims and parties they choose to pursue." *Heard v. Moore*, 101 S.W.3d 726, 728 (Tex. App.—Texarkana 2003, pet. denied). "The general rule is that, in the absence of special exceptions, a petition will be construed liberally in favor of the pleader." *Boyattia v. Hinojosa*, 18 S.W.3d 729, 733 (Tex. App.—Dallas 2000, pet. denied) (citing *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982)). The petition as a whole must be considered in determining who is being sued. *See Cox v. Union Oil Co.*, 917 S.W.2d 524, 526 (Tex.

10

App.—Beaumont 1996, no writ). Alonso individually did not file an answer and appear until March 11, 2014, and then only after Martinez filed a motion for a default judgment against him. For a non-appearing entity to become a party to a lawsuit, it must be named as a defendant in the plaintiff's pleadings. *Reynolds v. Haws*, 741 S.W.2d 582, 588–589 (Tex. App.—Fort Worth, 1987, writ denied) (holding that an entity is not a party to a lawsuit without being so named). When reading section 74.351(a) as a whole, the expert report requirement is not triggered until the claimant files a cause of action naming a particular physician; it is only then that the defendant becomes a "party" to a suit involving a health care liability claim. *Stroud v. Grubb*, 328 S.W.3d 561, 564–65 (Tex. App.—Houston [1st Dist.] 2010, pet. denied*)* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) and noting that report must be served on a "party" or a "party's attorney"). In *Stroud*, the fourth amended petition was not the first-filed original petition in the lawsuit; however, it was the first petition to assert a claim against Stroud, and thus was the original petition naming him as a party. *Id.* This court has also held that the 120-day period began to run when a defendant is first named as a defendant. *Padre Behavioral Health Sys., LLC v. Chaney*, 310 S.W.3d 78, 85 (Tex. App.—Corpus Christi, 2010, no pet.).[6]

As amended, the applicable report requirement now states: "In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on that party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted." TEX. CIV. PRAC. & REM. CODE ANN. § 74.351. As noted above, Alonso did not answer until March 11, 2014. We

---

[6] This is not a situation where Alonso was sued as a d/b/a for Alonso PA. *Cf. Chilkewitz v. Hyson*, 22 S.W.3d 825, 830 (Tex. 1999).

hold that appellee timely served the required expert report and CV pertaining to Dr. Alonso individually. *See id.* § 74.351(a).

### D. Attorney's Fees

Martinez argues appellants are not entitled to attorney's fees because the expert report was timely filed. While this is true as to Alonso individually, we have already rejected this argument as to Texas Vein, TVV, and Alonso PA. She also argues that the amounts of attorney's fees were not disclosed and that because the Texas Medical Liability Trust provided insurance coverage, appellants cannot show they actually incurred any attorney's fee. The supreme court disposed of the latter part of this argument in *Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009). There, it held that when an insurer paid an insured doctor's attorney's fees on his behalf, the insurer was "stand[ing] in the shoes of its insured." *Id.* (quoting *Sonat Exploration Co. v. Cudd Pressure Control, Inc.,* 271 S.W.3d 228, 236 (Tex. 2008)). The fact that the medical providers had insurance does not prohibit an award of attorney's fees under the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1) (requiring trial court to award attorney's fees and costs "incurred by the physician or health care provider" if an expert report is not filed).

We likewise reject appellee's argument because attorney fees are not economic damages subject to disclosure but rather are sanctions. *See Villafani v. Trejo*, 251 S.W.3d 466, 468 (Tex. 2008) (stating that if the plaintiff fails to provide an adequate expert report, the statute allows a defendant to move for sanctions against the plaintiff, including an award of attorney's fees against the plaintiff). Finally, appellants' disclosures were made November 7, 2013, well before expert reports were due December 13, 2013. We

conclude appellants are entitled to a hearing on attorney's fees and costs as to Texas Vein, TVV, and Alonso PA. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b)(1); *see also Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 763 (Tex. 2014).

## IV. CONCLUSION

In cause number 13-14-00176-CV, we reverse and render in part and reverse and remand in part. We reverse the denial of appellants' motion to dismiss the claims of Martinez against Texas Vein, TVV, and Alonso PA, and render judgment on their behalf. The "entity" appellants' claims for attorney's fees are remanded to the trial court for further proceedings consistent with this opinion.

In cause number 13-14-00346-CV, we affirm the trial court's denial of the motion to dismiss as to Alonso, and we affirm the trial court's denial of attorney's fees to Alonso individually.

In each cause, costs are taxed to the party incurring same.


/s/ DON WITTIG
Assigned Justice


Delivered and filed the
3rd day of September, 2015.

13