# Supreme Court of Texas

No. 23-0707

REME, L.L.C., a Texas Limited Liability Company,

*Petitioner*,

v.

The State of Texas,

*Respondent*

On Petition for Review from the
Court of Appeals for the Ninth District of Texas

## PER CURIAM

The deadline to object to a commissioners' award in a condemnation case runs from the filing of the commissioners' findings "with the court." *See* TEX. PROP. CODE § 21.018(a). In this case, the State filed the commissioners' award with the court clerk, and the trial court judge acknowledged receipt of it three days later. The trial court ruled that the statutory period to object to the award began to run upon the State's filing of the award with the court clerk, and it disallowed the State's tardy objection to it. The court of appeals reversed, concluding that filing "with the court" is complete only upon the judge's receipt of the award. We hold that filing "with the court" includes the court clerk;

thus, the statutory period for raising an objection to the commissioners' award commenced on that date. The trial court correctly ruled that the State's objection was untimely. Accordingly, we reverse the court of appeals' judgment.

## I

In 2020, the State began condemnation proceedings to acquire about one-tenth of an acre in Montgomery County from REME, L.L.C. The trial court appointed disinterested commissioners. After a hearing, the commissioners assessed condemnation damages at $1.1 million.

On Friday, April 16, 2021, the State electronically filed the commissioners' findings as a "proposed" award with the trial court clerk. The clerk acknowledged that the award was "Received and E-Filed for Record" on that date. The filing included blanks for the judge to award the commissioners' fees and to acknowledge receipt. The notification of service reflected that the State filed the award on April 16.

On Monday, April 19, the judge awarded fees in the allotted space to do so and signed the award, leaving blank an acknowledgment that "The foregoing decision and Award was filed with me this the _____ day of _____, 2021." In the award, the court instructed the clerk to notify the parties of the filing date by certified mail. *See id.* § 21.049 (requiring the clerk to send notice of the commissioners' award to the parties by certified mail). The clerk notified the State of the commissioners' findings, noting that the judge had signed the award on April 19. In the notice, the clerk attached a copy of the award, with its April 16 file stamp and its April 19 judicial signature.

2

On May 14, the State electronically filed a written objection to the commissioners' findings—within the statutory period to object if calculated from the date of judicial signature but outside the period if calculated from the date the State filed the award with the trial court clerk.[1]  REME moved for the court to render final judgment, arguing that the State's objection was untimely.

The trial court adopted the commissioners' award and rendered judgment.  It ruled the State's objection untimely, stating: "It appears to the Court, and it is so found, that no objections to the Award or decision were filed within the time provided by law and that said Award has been filed with the Clerk of this Court."

The State appealed, contending that its objection was timely because filing "with the court" requires judicial receipt to be complete, and the trial court judge did not act on the award until three days after the State filed it with the court clerk.  The court of appeals agreed and reversed, holding that the Property Code requirement that a filing be made "with the court" is not complete until receipt by the judge. ___ S.W.3d ___, 2023 WL 4781647, at *3 (Tex. App.—Beaumont July 27, 2023).  The concurring justice would have concluded that the State's

---

[1] The Property Code requires objections to be filed by the "Monday following the 20th day" after the filing of the commissioners' award. TEX. PROP. CODE § 21.018(a).  If the award was filed Friday, April 16, the twentieth day after would have been Thursday, May 7, and the objection would have been due on Monday, May 10.  If the award was filed Monday, April 19, twenty days afterward would have been a Sunday.  The State argues—and REME does not dispute—that under Government Code Section 311.014(b), Monday, May 10 is deemed the twentieth day, making the "Monday following the 20th day" Monday, May 17.  As we decide the award was filed on Friday, we express no opinion regarding the parties' interpretation of the Government Code.

objection was timely by holding that a "proposed award" is ineffective to begin the objection period. *Id.* at \*8.

## II

Texas Property Code Chapter 21 governs the State's exercise of its eminent domain power through condemnation. TEX. PROP. CODE § 21.011. Under the statutory framework, an authorized entity files a condemnation petition in the proper court and mails a copy of the petition to the landowner. *Id.* § 21.012(a), (c). The trial court then appoints disinterested commissioners who "assess the damages" owed to the landowner to compensate for the taking. *Id.* § 21.014(a). The award is then filed with the court, along with a request that the court award costs of the proceeding. *Id.* § 21.048.

A party may object to the commissioners' award "by filing a written statement . . . on or before the first Monday following the 20th day after the day the commissioners file their findings with the court." *Id.* § 21.018(a). A timely filed objection converts the administrative proceeding into a judicial one, which proceeds thereafter "in the same manner as other civil causes." *Id.* § 21.018(b). The question before us is whether the phrase "file their findings with the court" includes filing with the trial court clerk. We conclude it does.

We review questions of statutory construction de novo. *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010). "When interpreting statutes, we look to the plain meaning of the enacted text" and apply that plain meaning "unless a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *KMS Retail Rowlett, LP v. City of Rowlett*, 593 S.W.3d 175, 183

4

(Tex. 2019). We examine the technical or particular meaning the words have acquired and consider specific statutory language in context, "looking to the statute as a whole." *Id.*

Chapter 21 provides no specific filing mechanism. The receipt of filings, however, is commonly understood to be a task delegated to the court clerk. The Texas Rules of Civil Procedure and our Court's precedent reflect this commonly understood meaning.[2] Rule 74, entitled "Filing with the Court Defined," instructs that filings are made to the court clerk in the ordinary case:

> The filing of pleadings, other papers and exhibits as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and time and forthwith transmit them to the office of the clerk.

TEX. R. CIV. P. 74. Rule 21 similarly instructs that filings must typically be made in writing to the court clerk. *Id.* R. 21 ("Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing . . . .").[3]

---

[2] The parties agree that the Rules are generally inapplicable to the administrative phase of condemnation proceedings. *See Rayburn v. State*, 356 S.W.2d 774, 774 (Tex. 1962) ("[T]he Rules of Civil Procedure do not operate to extend the time provided by statute within which an appeal may be taken to the courts in a proceeding originally administrative in nature."). They provide persuasive authority, however, as to the commonly understood meaning of filing "with the court."

[3] Rule 21(f)(5) provides that an "electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider." TEX. R. CIV. P. 21(f)(5).

This Court's precedent interpreting the rules of civil procedure likewise holds that a document is "filed" when put in the custody or control of the clerk. *See Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex. 1993) ("[A] document is 'filed' when it is tendered to the clerk, or otherwise put under the custody or control of the clerk."); *Biffle v. Morton Rubber Indus., Inc.*, 785 S.W.2d 143, 144 (Tex. 1990) ("An instrument is deemed in law filed at the time it is delivered to the clerk, regardless of whether the instrument is filemarked."); *Standard Fire Ins. Co. v. LaCoke*, 585 S.W.2d 678, 681 (Tex. 1979) ("[A]n instrument is deemed filed when it is placed in the custody or control of the clerk."). Litigants in Texas thus generally understand that filing "with the court" includes filing with the court clerk. Nothing in Section 21.018(a) expresses an intent to depart from this commonly understood meaning.

The State observes that Section 21.018(a) was part of a nonsubstantive recodification of the law and thus urges that we carry forward the predecessor statute's meaning. Section 21.018(a)'s predecessor statute, recodified in 1983 with the enactment of the Texas Property Code, was intended to reorganize state law without substantive change. *See* Act of May 26, 1983, 68th Leg., R.S., ch. 576, § 1, 1983 Tex. Gen. Laws 3475, 3475 (codified at TEX. PROP. CODE § 1.001(a)). The predecessor version reads:

> If either party be dissatisfied with the decision, such party may, on or before the first Monday following the 20th day after the same has been filed with the county judge, file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court.

6

Act of May 20, 1965, 59th Leg., R.S., ch. 357, § 1, 1965 Tex. Gen. Laws 766, 766-67.

A truly nonsubstantive recodification should leave the previous interpretation intact, but "court" has a different meaning than "county judge"—the former includes the court clerk. By choosing to use "court" instead of "county judge," the Legislature enacted a direct, substantive change. Thus, we interpret the language of the statute as written. *See Dealers Elec. Supply Co. v. Scroggins Constr. Co.*, 292 S.W.3d 650, 658 (Tex. 2009) ("[C]ourts may not look back to the former text of a statute that has been nonsubstantively re-codified if the current text is direct and unambiguous.").[4]

Finally, the State notes that Section 21.049 requires "[t]he judge of a court hearing a proceeding under this chapter [to] inform the clerk of the court as to a decision by the special commissioners on the day the decision is filed or on the next working day after the day the decision is filed." TEX. PROP. CODE § 21.049. The State argues that it is the judge's duty to inform the clerk of the filing, "not the other way around." Such would be the case had the commissioners handed their award to the judge; the judge would then be charged with ensuring the award's filing with the court clerk. Nothing in Section 21.049, however, precludes the

---

[4] We similarly reject the analysis in the court of appeals' concurring opinion. Chapter 21 tasks disinterested commissioners—not the judge—with assessing damages in condemnation proceedings as an initial matter. TEX. PROP. CODE §§ 21.014(a), .048. Once the commissioners' award is filed, the judge "shall adopt" them as its judgment absent a timely objection. *Id.* § 21.061. The State's labeling of the commissioners' award as "proposed" reflects the status of the award during the objection period, not its effectiveness to begin it.

State from exercising its option to file the award directly with the clerk in the first instance. Having done so, the time for objection to it runs from the date of the State's filing.

The State followed proper procedure in filing the commissioners' award with the trial court clerk. The clerk's stamp confirmed the date of filing. The State was simply late in filing its objection.

\*     \*     \*

We hold that "the day the commissioners file their findings with the court" in Section 21.018(a) includes filing with the trial court clerk. *Id.* § 21.018(a). Assuming proper notice, the deadline to object to the award amount is calculated from that day. *See id.* Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the court of appeals' judgment, and reinstate the judgment of the trial court.

**OPINION DELIVERED:** February 21, 2025